IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| P.R. FARM CREDIT, ACA,<br><br>Plaintiff,<br><br>v.<br><br>JOSÉ QUIÑONES-PÉREZ, ET AL.,<br><br>Defendants. | CIV. NO.: 13-1562(SCC) |

**MEMORANDUM AND ORDER**

Puerto Rico Farm Credit, the plaintiff in this mortgage foreclosure action, has filed a motion for summary judgment. Docket No. 37; *see also* 12 U.S.C. § 632. The United States, formally a defendant pursuant to 28 U.S.C. § 2410, has no objection to summary judgment being entered. Docket No. 39. Defendants José Quiñones-Pérez, Maria Lucila Porrata-Maldonado, and the Quiñones-Porrata conjugal partnership, have not opposed the motion for summary judgment, nor have they opposed Plaintiff's more recent motion requesting that

judgment be entered, *see* Docket No. 44.[1] For the reasons stated below, I grant Plaintiff's unopposed motion for summary judgment.

The relevant facts are as follows. *See* Docket No. 37-2. On February 14, 1990, Defendants subscribed a mortgage note in the principal amount of $300,000, with a variable interest rate then set at 9.5% per annum, but which is now 5.25%. The mortgage note is payable to the Farm Credit Bank of Balitmore in yearly installments of $30,507, plus interest, beginning on February 1, 1992, and for 30 years thereafter. Defendants guaranteed payment of the mortgage note, plus credits for interest, costs, expense, and attorneys' fees in the event of

---

**1.** The motion for summary judgment was filed on October 14, 2014. Docket No. 37. Soon after, Defendants' counsel requested an extension of time to oppose the motion, Docket No. 38, which was granted, Docket No. 40. A settlement conference was held on December 1, 2014, at which time the United States suggested that the Farm Service Administration might be willing to buy out the loan, but that it would need time to consider. *See* Docket No. 41. On January 15, 2015, Plaintiff informed the Court that the FSA had decided not to buy out the loan. Docket No. 42. Two weeks later, on January 28, 2015, Plaintiff filed the motion requesting entry of judgment, which specifically mentioned Defendants' failure to oppose the request for summary judgment. Docket No. 42. A month and a half later, neither that motion nor the motion for summary judgment have been answered. The motion for summary judgment is thus deemed unopposed.

foreclosure, through Deed Number 20, which encumbered the property described in the Spanish language as:

> —A. "RUSTICA: Finca radicada en el Barrio Angeles de Utuado,compuesta de DOSCIENTOS CINCUENTA CUERDAS CON MIL SEISCIENTOS UNA DIEZMILESIMAS DE CUERDA (250.1601), igual a noventa y ocho hectáreas, treinta y dos áreas, veintiséis centiáreas, y setenta y cinco miliáreas, de terreno llano y quebrado, a pastos y malezas, con plantaciones de café y plátanos, conteniendo tres casas destinadas a la recolección de frutos, de planta baja, construídas de maderas, techadas de zinc, en lindes al NORTE, con Carmelo Román, de quien lo separa una quebrada; Ramón Hernández, M. Martínez, Carmelo Acosta, Manuel Román y Eladio Soto, separada la finca de éstos dos últimos por un camino y Domingo Rodríguez y Parcela donada a Ervin J. Pérez; al SUR, con Regino Martí; José López, separada la finca del último colindante por un camino y Ana Rodriguez; al ESTE, con Isabel Díaz, Gumersindo Custodio, Romualdo Custodio, Ramón González Arce, separado éste último por una quebrada y Antonio Colón; al OESTE, con Rafael Díaz de las que la separa una quebrada, Tito Llovet y Miguel Soto".

The mortgage encumbering this property is recorded at "page 33 over of volume 416 of Utuado, sixteenth (16th) inscription

of property number 10,180, Registry of Property, Utuado Section." Docket No. 37-2, ¶ 2.

Defendants agreed to pay the owner and holder of the mortgage note an amount equal to 10% of its principal, but not less than $500, as a fixed and liquid amount to cover the costs, expenses, and attorneys' fees in case of foreclosure—that is, $30,000. Defendants delivered the mortgage note to the Farm Credit Bank of Baltimore, which subsequently delivered it to Plaintiff, which is the note's present holder and owner.

The United States has recorded attachments to the property described above. These include a mortgage for the principal amount of $197,090, with interest at the rate of 3.75% per annum, payable in 20 years. This mortgage was later modified, changing the principal to $206,181.11. There is also another mortgage in favor of the United States for the principal amount of $11,592.00, with interest at a rate of 4.5% per annum payable in 7 years.

Defendants have defaulted in the payment of the loan in favor of Plaintiff. As of October 10, 2014, the following amounts were due: $164,640.90 of principal; $500.53 in late charges; $21,388.41 in accrued interest on principal, plus interest on unmatured principal accruing after October 10,

| P.R. FARM CREDIT v. QUIÑONES-PÉREZ | Page 5 |
|---|---|

2014, at the rate of 5.25% (that is, $19.59 per day); $17,366.99 in fees due; $405.00 in advances for insurance; and $30,000 for costs, expenses, and attorneys' fees.

There appears to be no doubt as to the validity of the mortgage executed by Defendants, nor is there any doubt as to their obligations thereunder. It is moreover undisputed that Defendants have not met their obligations under the mortgage. Under such circumstances, Puerto Rico law provides that the object of the mortgage "may be alienated to pay the creditor." P.R. LAWS ANN. tit. 31, § 5002.

Based on the established facts, this Court has no choice but to enter summary judgment in Plaintiff's favor. It's motion is GRANTED and judgment will follow. CitiMortgage is authorized to commence foreclosure proceedings pursuant or the applicable provisions of Puerto Rico's mortgage law, and it is authorized to carry out a public sale of the property described in the Complaint. The United States will be dismissed, as requested, though with no prejudice to its right of redemption pursuant to 28 U.S.C. § 2410.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 12th day of March, 2015.

S/ SILVIA CARREÑO-COLL

UNITED STATES MAGISTRATE JUDGE